Thank you, Your Honors. Good morning. May it please the Court, Catherine Davis on behalf of Appellants Michael and Renate DeMartini. There are many errors raised in our briefing. With the Court's permission, I'd like to focus on three errors that warrant reversal in this case. Number one, the improper joinder and remand, the grant of summary judgment, and the blanket exclusion of mitigation evidence at trial. On the sua sponte joinder of diversity destroying defendant, the first question, here the District Court erred by sua sponte joining Timothy as a diversity destroying defendant, adverse to himself as plaintiff, and then severing and remanding the partnership dissolution claim when no party requested that result. As a preliminary matter, and the Court has requested briefing on this issue, 28 U.S.C. 1447D does not bar review in this case. As this Court recognized in Lively v. Wild Oats, this Court does have jurisdiction to determine whether the District Court exceeded its authority in applying the statute in the first instance. Lively further holds that 1447D does not preclude appellate review in all cases. To the contrary, 1447D only bars review of remand orders that were lawfully issued under 1447C. And this Court retains jurisdiction to review whether the order was in fact authorized under that section. So the rule is, remand orders issued under 1447C for a jurisdictional defect, for example, an improvidently removed case or some other mandatory basis for removal under C, subsection C, would not be reviewable under 1447D. But in this case, where the remand arose under 1447E, pursuant to the Court's exercise of discretion, in particular in the first instance whether to join the defendant and then whether to dismiss or remand, the cases hold that 1447D is no to this Court's review. Turning to the merits. Before you leave that, I'm still a little puzzled by where we are. Did the District Court make a conclusive or preclusive determination on any issue that would go back to the State Court? Well, the joinder of the party, yes, would be conclusive. Was that a Federal issue or a State issue? Well, it's a good question. The Court applied Rule 19, did not apply the factors under 1447E. It was a sua sponte remand. Again, it's important, I think, to recognize that in this case, plaintiffs did not contest that they were seeking to join Timothy in his capacity as trustee as a plaintiff. The Second Amendment complaint alleges that he is representing the interests of the trust in his capacity as defendant. The briefing and the motion on the motion to remand make clear that he is representing the interests of the trust. So I think that my view would be, to the extent the Court invoked 1447E sua sponte and in a dispositive manner, and then applied Rule 19 improperly and without regard to the factors that Desert Empire and Murphy and the other District Court cases hold apply in this particular situation, then it would be an issue of Federal law. The Court, in fact, did not make any determination substantively on the State law question of whether there was a valid question. But in this case, the Court assumed the extent of the discretion of the District Court, to the extent the District Court considered. But in this case, the Court assumed. But isn't that what PowerX is all about? Are you referring to appealability, Your Honor? No, I'm talking about separability. Oh, separability. Can you clarify, with respect to separating the joined order from the remand order and whether the Court has jurisdiction over that? I'm really kind of stuck by the assertion that the Court acted sua sponte. Give us a little more background. How did this come about? Obviously, if the trust is to be part of this litigation, then that destroys diversity, correct? Well, our position is no, and plaintiffs didn't request that. Plaintiffs requested joining the trust as a plaintiff. I'm just saying, if the trust is to be joined. As a defendant, which was never requested. Okay, whether it's request or not. The same person can't be on both sides of the litigation. And the plaintiffs moved to join. Timothy is a plaintiff. He moved four days before the discovery cutoff, some 30 months after removal, 16 months after the First Amendment complaint was filed, in which he... So Timothy made the motion. Timothy made the motion. So the Court didn't sua sponte act. He was acting in response to a motion. Isn't that correct? Well, that's true, Your Honor. However, in this case, Timothy made the motion on behalf of himself as plaintiff seeking to join himself in his capacity as trustee. He never... A strategic choice, is it not? In some respects, it could be regarded as brilliant. Well, then that would factor into the motive analysis under Desert Empire and the Murphy factors. Timothy was pro se, right? Excuse me? It was Timothy who was pro se? No, my clients were pro se. I'm sorry. Yes, appellants were pro se. The district court knew that if it were to grant the motion to amend or to add Timothy as a party, that that would destroy diversity. Well, it's a curious observation because the party never moved to be joined as a defendant. I mean, the allegations in the second amendment complaint and the motion and the counsel expressly disclaimed any personal knowledge of whether the trust has an interest. He's the trustee of a trust that was administered 34 years ago, and he's coming to court 30 months after removal to make a claim that he ought to now appear in his capacity as plaintiff. And so it's true that the court may have been tangentially aware of this eventuality because appellants raised it even pro se. They speculated that this could be a problem. But significantly, appellees, Timothy disclaimed that. In the reply brief in support of the motion, they made clear, we are not seeking to join as a defendant. We are not adverse. The interests of the trust have been represented all along in this litigation. And that's the reason there will be no prejudice to join her four days before the discovery cutoff. And so it's true. I mean, I would hope that the court wouldn't adopt a rule that early. You said this was on motion of Timothy. Yes, I did. And are you saying now that Timothy says in a reply brief that he never said that or he disclaims it? Okay. So the motion to amend was brought by appellees, plaintiffs. Timothy is a plaintiff. Timothy. Yeah. He is also a trustee. It'll be more convenient for the rest of this argument to suggest that we talk about Timothy and his brother, Michael. Yes, Your Honor. Yes. They brought the motion four days before cutoff. Timothy did. To add Timothy as a defendant. To add Timothy as a plaintiff. Oh, as a plaintiff. As a plaintiff. That's the key. I apologize for not being more clear. Yes. He made a motion to add repeated throughout the allegations of the second amended complaint, repeated throughout the motion and in response to Michael's argument that this could cause a jurisdictional problem. In reply, Timothy stated, absolutely not. There's no prejudice to making this amendment at the at the 11th hour because my interests as individual and my interests as therefore the interest of the trust have been represented all along. No harm, no foul. And so how did the trust end up on the other side of the V? Well, there are two trustees. Oh, well, I mean, what caused the problem here? How do we get this problem? That's the question. That's hence my my my view that this was a sua sponte invocation of 1440 70. Nobody raised that. Timothy never sought to join himself as a defendant. He asserted that he thought that the trust may have had a claim and that added of an abundance of caution. We also address at length that there was no excuse that even under Johnson saying Timothy said the trust should be added as a plaintiff. And the judge said, no, we'll add the trust as a defendant. Is that yes. Is that the heart of that? That's exactly correct. That is exactly correct. And it's unclear how and why the magistrate reached that conclusion. Both sides disclaimed it. And that's that's the problem we have. The conclusion, the magistrate then sua sponte said, oh, look at that. We don't have diversity. This claim's gone. Right. And then there goes summary judgment. But, you know, I mean, it was to that issue. But that was a critical issue. That was the only case where there was an admitted partnership, the knitted partnership on one, two, seven, three, one, Loma Rica, an acknowledged partnership on the neighboring parcel. These brothers have been doing business together for 40 years. But on summary judgment, the court says, well, one, two, seven, three, one is remanded. I don't have to deal with that. Actually loops in the neighboring parcel of one, two, seven, five, nine into the remand. And then they're left with nothing. They have no mitigation defense at trial. They lose summary judgment. So this is a foundational error. And, you know, it could have just been a source of confusion. I would hope that Timothy wasn't so nefarious or Machiavellian to to create a situation that would trick the court. I'm not suggesting that that's the case at all. It would certainly hope it's not. I think it may have just been an oversight. The co-trustee, James, is a citizen of Colorado and he was joined as a defendant. That's something else I would like the court to be Timothy Plaintiff joining Timothy Plaintiff and Timothy Plaintiff joining defendant James, who lives in Colorado. So if that track had been followed through, we would have no problem. But somehow, we don't know how, the district court maybe just lumped Timothy on both sides of the V. And there's simply no authority for doing that. The court didn't cite any and Timothy didn't cite any. And I've done the best I can to find authority for it and I can't find it. Could you help me find the order that would have explained what the court was doing? Yes. That would be in the first volume of the excerpts of record. And that would be 128. It's a May 1st, 2017 order. I think the Second Amendment complaint will add as party's defendant Timothy DiMartini in their capacities. This action was originally moved from state on the basis of diversity. Was the judge simply misunderstood what was happening or what? I'm looking at line 14 on page 129. Yes, I understand, Your Honor. That's the source of our appeal. Timothy's motion was to add Timothy and the trust as plaintiff. That's correct. Timothy was a plaintiff. That's the heart of the point here. The trial judge misunderstood, perhaps. May have. May have. The motion did not. I can tell you unequivocally the motion sought expressly to join Timothy as a plaintiff on behalf of the trust. Do you have the excerpt of record on that motion? Yes, Your Honor. Bear with me a moment. It's a very big record. Oh, my. Okay. Let's see here. Motion to amend. First amended complaint is 7 ER 1710. 1710. And then there were two supporting declarations from counsel who, by the way, both disclaimed any personal knowledge of the case. Just indicated that they had been endeavoring to find out whether the trust may have had a claim and would like to. And Timothy did not file a declaration, notably. And the opposition is at 7 ER 1656. And the reply, where there's an express disclaimer of any attempt to join a diversity-destroying defendant, is at 6 ER 1503. And I think that that's significant. Now, I will say that the caption of the complaint, the second amended complaint, does list Timothy as a defendant. How'd that happen? That I don't know. Perhaps that was the source of the court's confusion. But it's difficult to see how Timothy could be adverse to himself. Certainly there's no law that says a party can be adverse to himself. We cited a case in our briefing. It's an unpublished case from California that says that that cannot be the case. Page 1711, line 23. Plaintiffs, Timothy, so forth, seek to amend their complaint to add a recently discovered additional party. And that's all it says, and to amend accordingly. It doesn't specifically say to add as an additional plaintiff. It says an additional party. Am I reading that correctly? Well, I don't have that particular volume in front of me, but I can tell you that there Let's take a page in from 1710, 1711, which is the motion. Again, I apologize, Your Honor, I don't have the volume right in front of me. I can tell you that our briefing was quite clear on this point, that there were several instances throughout the motion and on the reply and in the body of the Second Amendment complaint itself. In fact, in the diversity allegations, he states that Timothy is plaintiff and plaintiff as individual and plaintiff as trustee. The only time a reference to defendant appears is on the caption of the Second Amendment complaint. I will indulge me. Was there a specific point raised in the briefing? Yes. You specifically pointed out that the judge perhaps misunderstood, but in any event, misinterpreted the motion by adding as a defendant rather than adding as a plaintiff. You'd like to know where that is in the briefing? That would help. Well, we have two briefs. The second brief, let's see, it would be the first brief in the 1716-400 case. That's this case, isn't it? Yes. This issue is the only issue essentially raised in this case, correct? Yes. And that's essentially the first half of the brief, page 2 all the way through page 18, all the way through page 18. I'm trying to find the particular sites for you on, okay, let's see here. On page 12 and 13 of the opening brief. Appellee has disclaimed that Timothy was seeking to sue himself. There's a quote from the reply in support of the motion, plaintiffs are not asserting a claim against James. They expressly disclaimed that they were seeking to add diverse defendants, claiming, quote, this is for the benefit of the trust and its interest herein. The second amended complaint alleges plaintiffs, Timothy D. Martini, individually and as trustee of the testamentary trust and will of James P. D. Martini, dated 1982. The third cause of action for partnership dissolution in the second amended complaint says plaintiff Timothy D. Martini and defendant, trustee James D. Martini. It goes on to describe Timothy as the plaintiff two more times, that's paragraph 20 and 21. He's a defendant in one and plaintiff in another? James, there are two trustees. Yeah. Timothy and James. Right. My point is that Timothy only sought to join himself in this litigation as a plaintiff and expressly distinguished that request from his request to join James as a defendant. Well, our position is no. That's one reason why it should not have been done. I mean, this is collateral litigation. The probate was closed many years ago, decades ago. Is there anything in the trust that would suggest that he has some sort of elite authority, that he's sort of the, he can speak as a senior trustee? That's a very good question. And we don't know because the trust wasn't proffered. And again, we only have declarations of counsel disclaiming any personal knowledge of whether the trust has an interest at all. So assuming we have, we would agree with you, we have jurisdiction to review whether or not the district court abused its discretion in this case. So the consequences, we have 12731 Loma Rica back in the case. And that's a basis standing on its own to deny summary judgment because it's an admitted partnership. The district court granted summary judgment on the partnership declaration of partnership claims and breach of contract on the basis that there was no evidence of partnership whatsoever. Has anything happened with respect to that property in state court post remand? No, it's been stayed. We requested a stay after you took the case. So the summary judgment was granted on the counterclaims? Completely, yes. And the evidence there was we have an admitted partnership at 17, 12731 and we have an uncontested partnership at 12759. Recall, Your Honors, that they did, Timothy didn't move for judgment on those properties at all. He moved for judgment on a completely different property, separately titled properties. And the relationship between these two pieces are contiguous and they were owned by this family for 40 years. The DeMartini family was a very well-known landholding family for decades. And these parcels were together, I think 54,000 square feet apiece. And the brothers developed them over a period of years. The evidence was uncontested that the second parcel, 12759, was jointly owned, financed, developed, and that there was profit sharing. The district court, another thing I'd like to point out is that the district court said the only evidence of profit sharing and the agreement to funnel partnership proceeds into the RV business was the income report that Bernadette attached to her declaration. But in fact, that's not true. She declared under penalty of perjury to the profit sharing arrangement. And Michael did, too, in three cases, none of this was contested. So if the court were to go send Loma Rica back, 12731 back, and allow the district court to look at everything together in its totality, where you have an admitted partnership, a virtually uncontested, well, not virtually, an uncontested partnership and a virtually uncontestable partnership, and uncontested evidence of profit sharing that extended beyond the boundaries of this particular property, we may very well come to a very different result. And not to mention, because of the summary judgment, which expanded the scope of the remand unduly, Michael was denied the right to a fair trial. Did Timothy argue that there wasn't a sharing of profits on the 12759? I use that as a shorthand. There are actually three addresses there, two buildings, but we call it 12759, or you can call it partial. Did Timothy argue to the district court that there wasn't evidence of a sharing of profits on that other one? No. The only argument they made, and the only thing in their separate statement, the only facts proffered in support of summary judgment were, we have separately titled properties, there's never been a distribution of profits from these properties, there's never been a direct funding in terms of payroll or loans by Michael. Therefore, there's no interest. And Michael's argument, and the evidence was uncontested, that they had an agreement to a broader partnership, that the proceeds from Loma Rica, which were just regenerated. Well, we never called it a global partnership. Well, somebody did. Timothy did. And didn't the court hold that there was insufficient evidence of a global partnership? Yes, because the court didn't consider 12731 Loma Rica. Couldn't it be more than one partnership? You've got to have a partnership for all property and a separate understanding. A lot of this is oral, obviously. Yes, which is sufficient in California. Which is fine. They're enforceable, but there could be more than one partnership. There was more than one partnership. There are two partnerships. There's DeMartini & Sons and DeMartini Brothers Construction. The problem here is, Your Honor, that the district court never looked at this evidence because it lumped everything on Loma Rica into the remand. If the court examines the opinion, now, it's important also to know that Timothy moved to amend the findings of the magistrate to create the impression that the magistrate actually did consider 12759. But that didn't happen. If the state court gets this remanded, don't they have the capacity to decide this same issue as the district court could? Why would the state court decide the merits any differently than the federal court would if it had jurisdiction? Maybe I should ask you, why do you care? What difference does it make? Well, they removed the case for a reason. It's a small town, and they have the right to be in federal court, and that's what they chose. The law precludes plaintiffs from manipulating jurisdiction in this way. That's what Desert Empire says. That's the purpose of the district court cases, setting out the factors the way they do. Adding a diversity-destroying defendant, by definition, renders that person a non-necessary party under this court's decision in Lopez. And piecemealing it out is what we get this terrible result when you piecemeal out these claims. I'll let you go way over your time. I'll give you a minute or so for rebuttal. Thank you very much. Good morning. My name is David Dimitrick. I represent Timothy and Margie DeMartini. With regard to the court's question about what Mr. Timothy DeMartini did in his motion, what he did was he brought a motion to amend the complaint to add two defendants himself as trustees. I have the excerpts of record, I think from Appeal No. 17-6400. It's page 45, I think. ER 45. It's on the first page of the ER 45. ER 45. Well, the magistrate judge, 45 in my ER is the magistrate judge's findings and recommendations. Plaintiffs moved to amend the complaint to add as party's defendants Timothy DeMartini and James C. DeMartini. In their capacities as trustees for the James Paul DeMartini Testamentary Trust. Correct. Now you heard opposing counsel say that Timothy actually wanted to add as a plaintiff, yet the magistrate judge says that the motion was to add Timothy the trustee as a defendant. What's the discrepancy? Why do we have this problem? I think that appellants have confused the issue. And I think this can be really cleared, quickly cleared up. And I'm sorry, I don't have the reference to the actual motion. That's what it sounds like we need, right? I think so. It's just Timothy's motion. Where is that? That's the one we heard at 1710. I'm sorry, I don't have that. I know that you heard it. Yes. And I'm looking at this magistrate's order that says the opposite. And I'd like to tell you that I will tell you it's my recollection. That's what Timothy did. He filed a motion. Are you counsel? No, not at the trial court. Does the magistrate cite to the docket, the district court docket number for Timothy's motion to amend? Doesn't appear. What about at the very end of the FNR? When it gives the instructions that I'm recommending that the motion be granted. The motion to amend complaint. Thank you. ECF number 195. ECF 195. Thank you. You're welcome. EC electronic case file docket 195. Yes, Your Honor. We don't know where that is in the ER, but that gives us a start. Let's see, 135 maybe. Hold on. Maybe 135. Let's see. I. Okay. Was it? Would it have been plaintiff's counter defendants? Timothy Demartini in March? Demartini's notice of motion and motion for to amend first amended complaint. Yes. Date of hearing was March 22, 2017. Don't recall that, but. The scheduling order 133. Yeah, it's weird. Okay. No one. See, then it goes to page 136. Plaintiffs, Timothy and Marjorie Demartini, seek to amend their first amended complaint to add a recently discovered additional party. And to amend the facts accordingly. I remember reading. It doesn't say defendant or add as a plaintiff or as. No, but the court approved the request and the second amended complaint was filed. I don't have a reference number to that, too. And it'll spell out what Timothy Demartini did. And appellant's counsel did concede that the second amended complaint lifts Timothy both as a plaintiff and as a defendant. Yes. And so this is why this issue became an issue in the remand aspect because we had a diversity destroying arrangement on the caption of the papers. And Mr. Timothy Demartini explained in his motion, this all came about because of a discovery of a litigation guarantee. And in the prior version of that first cause of action, the defendants were the Mr. Demartini, another trustee, and he put himself as another defendant because he was also a trustee, because they were technically title holders to this other portion of the property. It's unique. Should the district court have granted the motion under those circumstances? Motion to amend? Yes. I think so. My reason for saying that is that all the ingredients that one looks at for amending a pleading were met. And especially this kind of pleading where you have a claim having to do with a specific piece of property and title to this property is as much or as important an issue to the resolution of that claim as anything else. But isn't one of the relevant factors in deciding whether or not to grant a motion to amend to add parties, whether or not that will be destructive of diversity? Isn't that one of the criteria? I'm not so sure that it is under this court's analysis in the Stevens case. I mean, I think Stevens is the case that governs the outcome of this case. Stevens versus Brinks Home Security, Inc. This court addressed that very issue, in my opinion. It separately analyzed the motion to amend. Obviously, that motion to amend didn't include our litigation guarantee type facts, but it separated that analysis out and determined that  the motion to amend. Before it did that, it asked and answered a question that it posed in a prior case called John D. Did Stevens go through a necessary party and dispensable party analysis? I don't recall it doing so. I thought that's what you have to do when you are faced with a motion to add a party that potentially can go through that analysis. That analysis was satisfied in this case. Timothy said, no, it won't destroy diversity. I'm on both sides. I'm not on both sides. I don't know that he said that, but I think he opposed the idea that it would necessitate remand. I seem to recall some statement like that. When we get to the analysis that is laid out in Stevens, it's part one. Does the court of appeals have the jurisdiction to review a decision that allows an amendment? Unless there is present some facts that would place this type of an amendment in a classification that there is some order allowing an amendment, unless something fits in that, then the court of appeals does not have jurisdiction to review the amendment part. Turning to the remand part, we think, we contend, Stevens also addresses this, this point too. Subdivision E of section 1447 is the operative part of section 1447 and it precludes, it creates a special class of circumstances, which is the one that was in front of the magistrate judge and therefore the district court in which somebody asked to amend a pleading and it appears right then and there that the addition of, or the allowance of an amendment will destroy diversity. And the way it's worded, subdivision E, is that you don't need a motion as you do in subdivision C. The court can just see it on the plain face of the pleadings. This is a diversity destroying kind of a possibility. Congress sought, dealt with it, and said once that amendment is loud, then remand is necessary. And so it really boils down to, in my own opinion... One thing that bothered me a little bit is the district court carefully just parsed out, severed. Yeah, I was about to talk about the partial remand. Does the statute contemplate that? I thought if you destroy diversity, there's no diversity, you usually send the whole thing back. Is there authority for the court to do that? Well, I think so. I think the statute talks in terms of action. It's another case that we cited. May I gather a moment here? I guess you've interpreted action to mean cause of action. 1447E says, if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder, and remand the court permitted joinder, but then just carved off one claim. It kind of left things a little bit difficult in district court, because the whole story was sort of wrapped into the family relationship and the business dealings. If that was inappropriate, if the district court should have remanded the whole claim, would the district court have interpreted action or none of it? I think the district court had the ability to carve out just the claim that caused this destruction of diversity, and remand that claim, as it did, to the state court. I don't know the answer. We may have interpreted action to mean cause of action. I could. I don't know. There is a case, and I'm sorry I'm not putting my finger on it, it's a case that was cited in the appellant's briefs, that I think it had referred to a Supreme Court case in which a similar argument was made about whether 1447E required remand of the entire case, or it could be just one claim. And the Supreme Court, in responding to an argument that 1447E could not refer to just one claim, expressly rejected that argument. And I'm sorry. I'm just curious, because her argument, when she was talking about what the consequences would be if we were to reverse that, she referred to the fact that all of this other evidence would come in in the federal case. A more thorough presentation of the story between the brothers. I disagree, and respectfully so. Here's why. Among the other things the magistrate judge did, district court adopted in the summary judgment ruling, was specifically cite Mr. Michael Demartini's statements in opposition to this motion for summary judgment against all of Mr. Michael Demartini's counterclaims. And cited them, and we've cited them too in our opposing brief, that these statements do not as a matter of law, my words, not the magistrate judge's, but I think that's implicit in what the magistrate judge said, they do not as a matter of California law constitute sufficient certain terms to enforce as an oral agreement. And we called Michael's attempts to lump everything into a global partnership, a global partnership claim. Our arguments. All right. And the court held insufficient showing with respect to this. Correct. And cited Michael's statements. And so in response to Your Honor's point about all this other evidence, well if you take them one by one, all of these other slices of evidence don't serve as a substitute for having certain terms to enforce in the first place. Let's assume that that's correct with respect to the alleged global partnership of all the properties. Isn't there still at least a genuine issue on the 12759 Loma Rica Drive property as to whether or not there was a general partnership between Michael and Timothy on that property? I think not for largely the same reasons. Insufficient evidence by Michael to establish an enforceable partnership. I thought they shared the income from the property, held themselves out to be partners when leasing it to other folks, jointly managed it. Why isn't that at least creating an issue of fact as to whether there are partners on that context of the motion against these counterclaims was that Michael's counterclaims couldn't be substantiated by evidence from Michael and that turned out to be true. These other items of evidence by the time you got to trial were boiled down to the claim for a breach of a promissory note. And counsel unfortunately probably didn't get sufficient time to finish her mitigation argument, but the magistrate judge dealt with that very effectively and said this document drafted by Mrs. Renati DeMartini didn't have anything to do with the loan payments due under the loan, which was the subject matter of the case. There's a whole number of other pieces of evidence, but at bottom, unless you have a partnership agreement in the first place that you can prove and he didn't, then the case is over, just like happened here. I don't have anything else to add except for if I can find that one appellate decision that referred to the city of Waco from the Supreme Court that you're thinking of. It doesn't sound familiar. No, it's Satcher. I'm talking about the case that allowed partial remand, remand on one issue but not another. The last name of the defendant begins with an S and I want to call it Satcher's. Stevens? No, it's not Stevens. I'll find it if I can. Let me ask you this. If we were to determine that we have jurisdiction to review the motion for leave to amend and we determined that there was an abuse of discretion, what's the consequence of that? Let's see. Well, you would reverse, correct? We reverse the grant of summary judgment? You would reverse at least this business of the motion to amend and therefore the remand and I think that you would still have to evaluate the summary judgment determinations independently of that because Mr. Michael DiMartini did a hefty job of trying to bootstrap or one property that was remanded and infuse all of what he had going for him and still has going for him in the state court action that's been stayed, infuse all of that into these other issues. Well, the trial court, the magistrate judge didn't buy it and it didn't buy it for good solid legal reasons and so if you were to do what you were suggesting, I don't think the result changes on the summary judgment motion. One other question that I have and then, so as I understand after the trial there was a proceeding that the district court had to conduct, correct? On the partition? Yes. It's not part of this. So this case comes to us on a Rule 54B, right? Yes. A separate judgment was entered and allowed them to appeal but then proceedings continued on in the district court. Yes. On the partition proceeding. Yes. What's the status of that? There's a hearing coming up, I think it's late January and it's for the purpose of deciding the referee's recommendation that that property be sold in the partition action. There's a war going on over that one but the referee has made that recommendation and that's what has... The recommendation has yet to be adopted by the district court. That's my understanding. And FYI, because I don't want to not disclose this, prior to that my clients moved for the motion off calendar. We've appealed those decisions because the basis of that taking it off calendar was the prior partition judgment was deemed to be final. Excuse me, when you say you've appealed those decisions, where is that appeal? They're pending. My first brief is due December 20th. Is the appeal in this court? In the Ninth Circuit, yes. Wait a minute. Maybe we should have that case too. I didn't want to go leave out here and have you find that and ask why didn't I tell you about that because you're asking these partition questions. Correct. It's still going on. So in the partition there was a partition judgment. Yes. That it's not final because he hasn't adopted the remedy part. Well, I have to answer the question two ways. The district court declared its first decision to be final. Do you have another Rule 54B? I don't recall the district court doing that. But since then the referee has decided we can't partition them or we can't sell them. I forget that one. The referee has come up with a new plan to do one or the other. I'm just curious what happened to the relationship. I'm well over time. Is it likely that anything in that new appeal would have any bearing on any of the issues that are here in these two cases? I don't believe so. It's a partition claim and it's an attorney fee. No issue about partition? I don't believe so. Okay. Thank you, Counsel. Thank you so much. Okay. So what do we do with the Second Amendment complaint where it's clear in its face? Okay. So, Your Honor, thank you. I did not intend to concede that the issue had been what I conceded, and I don't like that word, what I said was that the caption says that he's the defendant. But, in fact, I did find the sites for the court at 6 ER 1256. I'm sorry. 6 ER 1256. That's the Second Amendment complaint. And paragraphs 1 and 19 very clearly state that Timothy is joining himself as a plaintiff on behalf of the trust. 6 ER 1506 is the reply in support of the motion where Timothy says there is no impact on the court's jurisdiction here. This is a red herring. We have motions on calendar. We're going to trial. It's not a problem. So the caption of the Second Amendment complaint was a Scrivener's error and that may have caused some confusion. I think that that's exactly right, Your Honor. And if I may also just say that with respect to the partition claim, I would disagree. The partnership issue is at the heart of all of these proceedings. I wish you would have brought that to our attention at the beginning of your oral argument, Counsel. I apologize, Your Honor. That would have saved a lot of discussion. Okay. Well, I thought that we had addressed it in the briefing. I apologize for not doing a better job at oral argument, Your Honor. The issue is that twofold. One, the court improperly looped in the remand and attached it to all of the Loma Rica properties at summary judgment so that none of the evidence was really truly considered. Our position is that even without the remanded property, the evidence was sufficient. As Your Honor pointed out, we have the leases. We have profit sharing. That's sufficient as a matter of law under California law. But then what happened at trial was that because the partnership had been improperly looped into the remand and then precluded at summary judgment, Michael couldn't put on a defense to the breach of contract claim and then also couldn't put on a defense to the partition, which is pending. And by the way, I do believe that we attempted to get a judgment, but it was denied. And we did not seek judgment. We didn't seek the partial judgment on summary judgment. We wanted everything together. In fact, we asked the court to stay the proceeding so that this court could decide the partnership issue in the first place without piecemealing this all out. But Timothy prevailed and got the 54B judgment, and here we are. Do you agree, by the way, that nothing in the partition or the attorney fee issue, this third appeal, has any bearing on these issues? Absolutely disagree, because he was precluded from putting on a partnership defense. I'm sorry. Tell me why again. It's important to remember that the district court here, on the record and off the record, acknowledged that these brothers are partners. There can be no doubt about that. The only question is, what was the scope? These are procedural errors that led to a parade of horribles that one hopes never to see. But the point is, it really can't be that way. So the cost of the remand, and then the improper construction of the remand on summary judgment, and the discounting of the evidence there, and the inability to put the evidence on at trial, by the time we get to partition, the judge says, well, that's already been decided. It's up on appeal. You'll figure that out some other day. But for now, you're not a partnership, and you have no defense to partition. So these, Timothy and his wife are, it's important to know, they're, and it's on the record, so I'm not betraying a confidence. They're in their 70s. These are income-producing properties for this family who've been investing in these properties for decades. Careful what you say about being in your 70s. It's a good thing. I'm not so far away. But the point is, this is to say that it's not a problem. They're just going to be sold, and it's no big deal. It's a really big deal. One of the members of this panel is an octogenarian. Well, I am very, very happy to know you. Would this suggest perhaps one side or the other would move to consolidate that appeal with these pending appeals? It's probably not too late. Are you doing that? I'll do it in the morning, if not this afternoon. Orally right now. I move to consolidate all of the appeals. Just leave it with the clerk. She'll take care of it and bring it back to us. Just see the clerk. Okay, thank you very much, counsel. We appreciate your arguments this morning. The case is submitted, and that ends our session for today.
judges: O'scannlain, Paez, Simon